# PORTO RICO RAILWAY, LIGHT, & POWER COMPANY

*v.*

# ATLAS TRANSFER COMPANY.

----

San Juan, Law, No. 928.

COLLISION OF STREET CAR AND TRUCK.

Burden on Plaintiff—Doubt.

> The burden is on the plaintiff to prove his case, and if, in a case of negligence, it is doubtful whether the plaintiff was thus exercising the proper care at the time and in the place of the accident, the verdict of the court will be for the defendant.

Opinion filed May 9, 1914.

----

*Mr. J. Henri Brown* for the plaintiff.

NOTE.—The authorities on the burden of proof as to contributory negligence are discussed in an extensive note in 33 L.R.A.(N.S.) 1085.

*Mr. N. B. K. Pettingill* for the defendant.

HAMILTON, Judge, delivered the following opinion:

The facts governing this case are the same as those in No. 927 [post, 48], and need not be repeated. The two cases were tried at the same time and the same facts govern both.

The burden, of course, is on the plaintiff to prove its case. It shows that it was operating a street car at a time and place where it had a right to operate it, and that the defendant's truck was negligently across the track at that time and place, with the result that a collision occurred, seriously damaging the plaintiff's property. The car was in part demolished.

The defendant was negligent in having its truck upon the track at this time and place without giving notice to the trolley car, but the facts raise the question whether the plaintiff's motorman should not have seen the truck anyhow. The reasons given for not seeing it are that the headlight on the car threw only 20 feet ahead, that a shaft of light from an adjacent house prevented the motorman from seeing on the other side of it, where the truck was, and that the night was dark. The fact that the plaintiff used a headlight which threw little more than the length of the car would practically prevent the car from stopping in time to prevent a collision, and certainly does not strengthen the plaintiff's case. This itself would be negligence in the use of a suburban railway, where the speed is greater than in town. The existence of a shaft of light across the track would likewise not aid the plaintiff. The evidence would tend to show that this light was usually there and was not peculiar to this particular evening. If it was important for the

plaintiff to see this crossing at all, and this case seems to show that it was, it was its duty to make some provision to meet this state of case. Nor can it be said that the question of darkness was at all proved. The testimony of people in the car, which was lighted, cannot be convincing as to the light outside. Looking out from a lighted car always gives the impression of darkness outside. There is evidence also that the moon was at first quarter, and none as to clouds obscuring it at this particular time.

Upon the whole, therefore, it is doubtful whether the plaintiff was exercising the proper care that he should have done at this time and place.

The judgment of the court is for the defendant.